IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK B. KOMESHAK, d/b/a KOMESHAK
CHIROPRACTIC, and DALE FISCHER, D.C.,
d/b/a LEBANON CHIROPRACTIC,
individually and on behalf of others
similarly situated,

Plaintiffs,

v.

CONCENTRA, INC.,

Defendant and
Third-Party Plaintiff,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK) and
THE AMERICAN NATIONAL RED CROSS,

Third-Party Defendants.                              No. 05-CV-261-DRH

_____

RICHARD COY, D.C., COY CHIROPRACTIC
HEALTH CENTER, INC., and individually and
on behalf of others similarly situated,

Plaintiffs,

v.

FOCUS HEALTHCARE MANAGEMENT, INC.,

Defendant and
Third-Party Plaintiff,

1

v.

**NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK) and
THE AMERICAN NATIONAL RED CROSS,**

**Third-Party Defendants.**                                          **No. 05-CV-349-GPM**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Before the Court are motions to consolidate submitted by Third-Party Defendant the American National Red Cross ("ARC") in *Komeshak v. Concentra*, 05-CV-261-DRH, and *Coy v. Focus Healthcare Management, Inc.*, 05-CV-349-GPM. (Doc. 44 in 05-CV-261-DRH; Doc. 30 in 05-CV-349-GPM.)  ARC seeks to consolidate *Komeshak* and *Coy* because both cases (1) name Defendants (Concentra and Focus) that are affiliated corporations, (2) have ARC and AMTRAK as Third-Party Defendants, and (3) involve substantially identical questions of law and fact.[1]  (*Id.*) ARC's consolidation motions were filed on June 28, 2005, and responses were due by Monday, July 18, 2005.  **FED. R. CIV. P. 6; LOCAL RULE 7.1**.  No party has responded in opposition.

---

[1] The substantially identical questions of law and fact include: (1) whether Concentra or Focus, on the one hand, and plaintiffs and the classes, on the other hand, entered into PPO agreements; (2) whether Concentra and Focus undertook and/or discharged referrals, steerage or channeling obligations under any purported PPO agreements; (3) whether Concentra or Focus engaged in statutory consumer fraud or deceptive practices; (4) whether Concentra or Focus and their clients conspired to take improper PPO reductions; (5) whether Concentra or Focus were unjustly enriched and, if so, by what amount; and (6) whether plaintiffs and the class members have sustained damages and, if so, the proper measure of their damages.

**FEDERAL RULE OF CIVIL PROCEDURE 42(a)** allows a court to consolidate actions that "involv[e] a common question of law or fact." Satisfied that **RULE 42(a)**'s requirements are met here, the Court **GRANTS** ARC's motions to consolidate (Doc. 44 in 05-CV-261-DRH; Doc. 30 in 05-CV-349-GPM) and **CONSOLIDATES** *Komeshak v. Concentra*, 05-CV-261-DRH, and *Coy v. Focus Healthcare Management, Inc.*, 05-CV-349-GPM. From this point forward, both cases shall be referenced as *Komeshak v. Concentra*, 05-CV-261-DRH. The Parties shall be aligned as follows:

> Plaintiffs: Patrick B. Komeshak, d/b/a Komeshak Chiropractic, Dale Fisher, D.C., d/b/a Lebanon Chiropractic, Richard Coy, D.C., and Coy Chiropractic Health Center, Inc.
>
> Defendants/Third-Party Plaintiffs: Concentra Inc., and Focus Healthcare Management, Inc.
>
> Third-Party Defendants: National Railroad Passenger Corporation (AMTRAK) and The American National Red Cross.

Should any Party object to the above alignment of the Parties, he/it should give notice to the Court of such objection by Friday, August 19, 2005.

**IT IS SO ORDERED.**

Signed this 1st day of August, 2005.

/s/   David RHerndon
**United States District Judge**