IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

PATRICK B. KOMESHAK, d/b/a KOMESHAK
CHIROPRACTIC, and DALE FISCHER, D.C.,
d/b/a LEBANON CHIROPRACTIC,
individually and on behalf of others
similarly situated,

Plaintiffs,

v.

CONCENTRA, INC.,

Defendant and
Third-Party Plaintiff,

v.

NATIONAL RAILROAD PASSENGER
CORPORATION (AMTRAK) and
THE AMERICAN NATIONAL RED CROSS,

Third-Party Defendants.                                                No. 05-CV-261-DRH

_____

RICHARD COY, D.C., COY CHIROPRACTIC
HEALTH CENTER, INC., and THOMAS L.
KALTENBRONN, D.C., individually and
on behalf of others similarly situated,

Plaintiffs,

v.

FOCUS HEALTHCARE MANAGEMENT, INC.,

Defendant and
Third-Party Plaintiff,

v.
NATIONAL RAILROAD PASSENGER

CORPORATION (AMTRAK) and
THE AMERICAN NATIONAL RED CROSS,

Third-Party Defendants.                                          No. 05-CV-349-DRH

# MEMORANDUM AND ORDER

**HERNDON, District Judge:**

## I. Introduction

Before the Court are (1) a motion to remand submitted by Plaintiffs Patrick B. Komeshack, d/b/a Komeshak Chiropractic, and Dale Fischer, D.C., d/b/a Lebanon Chiropractic, individually and on behalf of others similarly situated (together, the "Komeshak Plaintiffs" or "Plaintiffs") (Case No. 05-CV-261-DRH (hereinafter "Komeshack"), Doc. 25); (2) a motion to remand submitted by Plaintiffs Richard Coy, D.C., Coy Chiropractic Health Center, Inc., and Thomas L. Kaltenbronn, D.C., individually and on behalf of others similarly situated (together, the "Coy Plaintiffs" or "Plaintiffs") (Case No. 05-CV-349-DRH (hereinafter "Coy"), Doc. 17); and (3) a motion to stay all proceedings submitted by Defendant Concentra (Komeshak, Doc. 55).

In ***Komeshak v. Concentra, Inc.***, Plaintiffs filed a class action against Defendant Concentra in St. Clair County Circuit Court on February 15, 2005. (Komeshak, Doc. 9.) On April 12, 2005, Defendant Concentra removed the case to federal court. (Komeshak, Doc. 1.) On the same day, Concentra filed a third-party complaint against Defendants National Railroad Passenger Corporation ("Amtrak")

2

and The American Red Cross ("ARC"). (Komeshak, Doc. 6.) Plaintiffs filed their motion to remand on May 4, 2005. (Komeshak, Doc. 25.) Defendant Concentra and third-party Defendant ARC respond in opposition. (Komeshak, Docs. 39, 40.)

On September 21, 2005 Defendant Concentra filed a motion to stay all proceedings. (Komeshak, Doc. 55.) Third-party Defendant ARC responds in opposition to that motion. (Komeshak, Doc. 56.)

In ***Coy v. Focus Healthcare Management, Inc.***, Plaintiffs filed a class action against Defendant Focus Healthcare Management ("Focus") on February 11, 2005 in Madison County Circuit Court. (Coy, Doc. 2.) Third-party Defendant ARC removed to federal court on May 17, 2005. (Coy, Doc. 1.) Plaintiffs filed their motion to remand on June 3, 2005. (Coy, Doc. 17.) Defendant ARC responds in opposition. (Coy, Doc. 25.)

Because Concentra and Focus are affiliated companies, and because both cases pose "substantially identical questions of law and fact," these two matters were consolidated in this Court on August 1, 2005. (Coy, Doc. 37; Komeshak, Doc. 50.)

## II. Background

The two class-action complaints before the Court are quite similar. (Komeshak, Doc. 9; Coy, Doc. 2.) The Komeshak Complaint alleges violations of the Illinois **Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq.** and other state consumer-protection statutes, unjust enrichment, and civil

3

conspiracy. (Komeshak, Doc. 9, pp. 17-23.) The Coy Complaint alleges those claims in addition to breach of contract. (Coy, Doc. 2, pp. 10-17.) Both sets of Plaintiffs, individually and on behalf of the putative classes, request damages and other appropriate relief. (Komeshak, Doc. 9; Coy, Doc. 2.)

Concentra asserts that jurisdiction in this Court is proper for two reasons. First, Concentra argues that this matter commenced on the date it was removed to federal court, and, under the **Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 9, 119 Stat. 14 (amending 28 U.S.C. § 1332)** ("CAFA" or the "Act"), federal jurisdiction is proper. (Komeshak, Docs. 1, 40.) Second, Concentra argues that this Court should exercise supplemental jurisdiction over Plaintiff's state-law claims  because Concentra's third-party complaint against Amtrak and ARC arise out of the same case or controversy. (*Id.*)

To support its supplemental-jurisdiction allegations, Concentra filed a third-party complaint against Amatrak and ARC. (Komeshak, Doc. 6.) In that Complaint, Concentra alleges that both Amtrak and ARC are "payor[s] with financial responsibility for paying medical providers for valid, covered health care services rendered to [their] employees" (Komeshak, Doc. 6, p. 4), and therefore [t]o the extent that the plaintiffs are entitled to recover any damages from Concentra pursuant to the Complaint, Concentra is entitled to contribution from Amtrak in an amount equal to Amtrak's proportionate share of liability." (Komeshak, Doc. 6, pp. 5-6.)

The Komeshak Plaintiffs moved to remand on May 4, 2005.

(Komeshak, Doc. 25.) Plaintiffs first argue that because they filed their Complaint on February 15, 2005 — three days prior to the CAFA's effective date — the CAFA does not apply here. Second, Plaintiffs argue that Concentra's third-party claims are an insufficient basis to keep its state-law claims in federal court. Concentra responds by claiming both that the CAFA should apply here and that the facts are sufficient to establish supplemental jurisdiction over Plaintiff's state-law claims. (Komeshak, Doc. 40.) In its response, ARC forgoes a CAFA argument, but raises supplemental jurisdiction. (Komeshak, Doc. 39.)

In *Coy*, third-party Defendant ARC — not Focus — removed to federal court. (Coy, Doc. 1.) ARC bases its argument for supplemental jurisdiction in *Coy* on the same arguments advanced in *Komeshak*. (Coy, Docs. 1, 25.)

Concentra's Motion to Stay is based on a stipulation of settlement entered in a Pennsylvania case, ***First State Orthopedic v. Concentra, Inc.*, E.D. Pa. Civil Action No. 02:05-cv-04951-AB**. (Komeshak, Doc. 55.) Concentra argues that this proposed settlement "encompasses all claims in this matter." (Komeshak, Doc. 55.) ARC responds that Conentra's claims against it fall outside the scope of the Pennsylvania settlement. (Komeshak, Doc. 56.)

### III. Analysis

#### A. Removal Standard

A defendant may remove a case only if a federal district court would have original jurisdiction over the action. **See 28 U.S.C. § 1441;** ***Caterpillar Inc.***

*v. Williams*, **482 U.S. 386, 392 (1987)**.  Statutes providing for removal are construed narrowly, and doubts about removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**.  The burden of establishing jurisdiction in the federal courts falls on the party seeking removal.  ***Doe v. Allied Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**.

### B.   Class Action Fairness Act

Here, Defendant Concentra argues that federal jurisdiction exists based on the CAFA. (Docs. 1, 40.)  The CAFA was enacted by Congress on February 18, 2005, and only applies to cases commencing thereafter.  **Class Action Fairness Act of 2005, Pub. L. No. 109-2, § 9, 119 Stat. 14 (amending 28 U.S.C. § 1332(d)(2))**.  Concentra argues that a case "commences" on date it is removed, not the date on which it is filed in state court.  (Doc. 40, pp. 8-13.)  Plaintiffs believe the opposite to be true.  (Doc. 25, pp. 2-4.)

Since the parties filed their pleadings, the Seventh Circuit has taken up this issue on which their disagreement is founded.  In ***Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805 (7th Cir. 2005)**, the Seventh Circuit adopted the Tenth Circuit's holding in ***Pritchett v. Office Depot*, 404 F.3d 1232 (10th Cir. 2005)**, that a case "commences" for purposes of the CAFA when the plaintiff's complaint is filed in state court, not when it is removed.  ***Knudsen*, 411 F.3d at 806 ("[A] civil action is 'commenced' for [CAFA purposes] when it is filed in state court and not when some later step occurs in its prosecution.")**.

6

The Komeshak Plaintiffs filed their case in state court on February 15, 2005, three days prior to the CAFA's February 18, 2005 enactment date. Therefore, the Court finds that the CAFA is not a proper basis of removal.

### C. Third-Party Defendant ARC's Removal

Though Plaintiffs do not raise the issue, there is a question in *Coy* about whether the case was properly removed. While Defendant Concentra removed *Komeshak*, it was third-party Defendant ARC — not Focus — that removed *Coy*. The Court finds that this removal was improper. Third-party defendants in a state-court action may not remove to federal court. **See *State Street Bank & Trust Co. v. Morderosian*, 2000 U.S. App. LEXIS 26856 (7th Cir. Oct. 10, 2000) (citing *Thomas v. Shelton*, 740 F.2d 478, 486-86 (7th Cir. 1984)**. However, because Plaintiffs failed to object to this procedural defect within thirty days of removal, the Court does not remand the case on this ground. **See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.").**

### D. Supplemental Jurisdiction

Federal courts may, under limited circumstances, exercise jurisdiction over state-law claims. **28 U.S.C. § 1367(a)**. As the language of **28 U.S.C. § 1367** indicates, the state-law claim must be part of "the same case or controversy" as a claim for which independent federal jurisdiction exists. **See 28 U.S.C. § 1367(a)**

7

**("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.");** *see also Baer v. First Options of Chicago, Inc.*, **72 F.3d 1294, 1298 (7th Cir. 1995);** *Myers v. County of Lake, Ind.*, **30 F.3d 847, 849-50 (7th Cir. 1994)**. Claims that properly state a federal question may not be remanded pursuant to section 1367. *See Baker v. Kingsley*, **387 F.3d 649, 656 (7th Cir. 2004) ("[T]he authority to remand pursuant to § 1367 extends only to claims that are not within the district court's original jurisdiction.")**.

A state claim is part of the same case or controversy as a federal claim when the claims have a "common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs,* **383 U.S. 715 (1966)**; *see also City of Chicago v. Int'l College of Surgeons*, **522 U.S. 156, 164-65 (1997);** *Groce v. Eli Lilly & Co.*, **193 F.3d 496, 500 (7th Cir. 1999)**. A common nucleus exists when "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *Int'l College of Surgeons*, **522 U.S. at 165 (quoting** *Gibbs*, **383 U.S. at 725)**.

In deciding whether to exercise jurisdiction over state-law claims, district courts "consider and weigh the factors of judicial economy, convenience, fairness and comity." *Wright v. Associated Insurance Cos.,* **29 F.3d 1244, 1251**

**(7th Cir. 1994) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988));** *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997). Using these factors, "[d]istrict courts have discretion to retain or remand supplemental claims." **Adkins v. Illinois Central R.R. Co., 326 F.3d 828, 836 (7th Cir. 2003) (citing *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500-01 (7th Cir. 1999)**).

As an initial matter, the Court finds that Defendants' third-party claims against Amtrak and ARC fall within the original subject matter jurisdiction of the federal courts. *See Adkins*, **236 F.3d at 835-36 ("It is clear that an original, stand-alone lawsuit against Amtrak would fall within the original subject matter jurisdiction of the federal court."); *American Nat'l Red Cross v. S.G.*, 505 U.S. 247, 248 (1992) ("[T]he Red Cross Charter's 'sue and be sued' provision should be read to confer jurisdiction [in the federal courts].")**. Because the Court may not remand claims that are within its original jurisdiction, these claims must be retained.

The Court also finds that Plaintiffs' claims and Defendants' third-party claims against Amtrak and ARC share a common nucleus of operative fact. Plaintiffs' central allegations are that Defendants Concentra and Focus perpetrated fraud by "systematically, arbitrarily, and unlawfully reducing or denying payments for medical services based on use of biased and arbitrary computer software programs." (Komeshak, Doc. 9, p. 2; *see also* Coy, Doc. 2.) Defendants, in turn,

allege that third-party Defendants Amtrak and ARC, as two purchasers of the software programs in question, "would be liable for all or part" of any damages awarded to Plaintiffs. (Komeshak, Doc. 6, p. 2; Coy, Doc. 3, p. 2.) Defendants, in other words, argue that third parties — including Amtrak and ARC — are liable for Plaintiffs' alleged losses. As such, both sets of claims emanate from the same nucleus of facts.

These issues disposed of, the remaining relevant question in the removal context is whether the Court should assert supplemental jurisdiction over Plaintiffs' state-law claims. In making this determination, the Court is guided by the principles of judicial economy, convenience, fairness, and comity. **Wright, 29 F.3d at 1251.**

Based on these principles, the Court finds that Plaintiffs' state-law claims should be remanded. Amtrak and ARC are only two of Defendants' clients — all of which, presumably, share liability under Defendants' arguments. To bring Plaintiffs' state-law claims into federal court solely on the entitlements Amtrak and ARC have to federal jurisdiction would unfairly disrupt Plaintiffs' forum choice. Plaintiffs' claims were brought against Concentra and Focus — not their clients — for alleged fraudulent conduct. The Court finds the prospect of secondary liability on the part of Amtrak and ARC insufficient to require Plaintiffs to adjudicate their state-law claims in federal court.

**E.     Stay**

"Federal district courts have the inherent power to administer their dockets so as to conserve scarce judicial resources." ***Trippe Mfg. Co. v. American Power Conservation Corp.*, 46 F.3d 624, 629 (7th Cir. 1995)**. Here, Concentra's Motion to Stay, as noted above, is based upon a stipulation of settlement entered into between Concentra and a putative class in the Eastern District of Pennsylvania. (Komeshak, Doc. 55.)

At the time Concentra filed its motion, however, Judge Brody of the Eastern District of Pennsylvania had not approved the proposed settlement. (Komeshak, Doc. 55, p. 3.) For this reason, the Court finds that Concentra's Motion to Stay is premature.

### IV. Conclusion

Therefore, for the reasons stated above, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motions to Remand. (Komeshak, Doc. 25; Coy, Doc. 17.) The Court **REMANDS** Plaintiffs' state-law claims in ***Komeshak v. Concentra,* Case No. 05-CV-261-DRH** to the Circuit Court of St. Clair County, Illinois, and **RETAINS** only Defendant Conentra's claims against third-party Defendants National Railroad Passenger Corporation and The American Red Cross. In ***Coy v. Focus Healthcare Management, Inc.*, Case No. 05-CV-349-DRH,** the Court **REMANDS** Plaintiffs' state-law claims to the Circuit Court of Madison County, Illinois, and **RETAINS** only

Defendant Focus Healthcare Mangement's claims against third-party Defendants National Railroad Passenger Corporation and The American Red Cross. Finally, the Court **DENIES** Defendant Concentra's Motion to Stay. (Komeshak, Doc. 55.)

    **IT IS SO ORDERED**.

    Signed this 7th day of October, 2005.

<u>/s/      David RHerndon</u>
**United States District Judge**
